IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CODY TYLER JONES<br>(TDCJ No. 1958932),| §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| V. | §<br>§ | No. 3:17-cv-1473-B-BN |
| LORIE DAVIS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br>§<br>§<br>§<br>§ | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Cody Tyler Jones, a Texas inmate, initiated this *pro se* action through a document that the Clerk of Court properly construed as an application for habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. For the reasons explained below, the Court should dismiss the construed federal habeas application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Jones's right to fully exhaust his state court remedies, or, alternatively, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

Jones pleaded guilty to injury to a child and was placed on deferred adjudication

-1-

for 7 years. He then violated a condition of his community supervision, which prompted the State to move to adjudicate guilt. Following a hearing, that motion was granted, and Jones was sentenced to 10 years of imprisonment. *See State v. Jones*, F12-00978-Q (204th Jud. Dist. Ct., Dallas Cty. Sept. 23, 2014). The criminal judgment resulting from the adjudication of guilt was affirmed on direct appeal. *See Jones v. State*, No. 05-14-01431-CR, 2015 WL 6751132 (Tex. App. – Dallas Nov. 5, 2015). But neither Jones's filings in this action nor records available online from Dallas County and the Texas Court of Criminal Appeals (the "CCA") reflect that Jones filed a petition for discretionary review ("PDR") with the CCA or that he sought state-habeas relief before filing this action.

Because Jones initiated this action by filing a form motion for relief under 18 U.S.C. § 3582(c)(2), dated May 22, 2017, the Court, on June 7, 2017, issued a notice of deficiency requiring Jones to amend his Section 2254 application by completing and filing the form petition for habeas corpus relief no later than July 7, 2017. *See* Dkt. No. 4 (further requiring that Jones either pay the filing fee or move for leave to proceed *in forma pauperis* ("IFP") by the same date and warning Jones "that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and obey an order of the Court" (citing FED. R. CIV. P. 41(b))). On Jones's motion, *see* Dkt. No. 5, the Court extended that deadline to August 7, 2017, *see* Dkt. No. 8.

Instead of complying with the Court's June 7, 2017 order, Jones has moved to vacate the state criminal judgment – through a filing docketed August 14, 2017, which

is not on the required form and which completely lacks factual substance. *See* Dkt. No. 8.

## Legal Standards and Analysis

<u>Rule 4 Dismissal for Failure to Exhaust</u>

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a PDR or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

This rule differentiates habeas cases from other civil cases with respect

> to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Because Jones has not afforded the state courts – particularly, the CCA, as the applicable highest state court – the first opportunity to address the substance of the necessarily collateral claims he now raises in this Court, he has failed to exhaust state-court remedies in a procedurally-correct manner, and his construed Section 2254 petition should be dismissed without prejudice under Rule 4. *See, e.g., Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted."

(citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

Rule 41(b) Dismissal for Failure to Prosecute and Obey Orders

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions

-5-

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to habeas proceedings. *See* Rule 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS; *see, e.g., Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance of *Castro* warnings without prejudice under Rule 41(b), after noting that "[i]t is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

By not filing the court-ordered amended habeas petition on the proper form (and by not either paying the filing fee or moving for leave to proceed IFP), Jones has prevented this action from proceeding. He therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances, particularly because Jones's failure to present his claims on the proper form prevents any attempt to determine whether Section 2254 relief is appropriate.

The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Jones decides comply with the Court's order.

Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the construed 28 U.S.C. § 2254 habeas application without prejudice to Jones's right to fully and properly exhaust state court remedies and serve a copy of any order accepting this recommendation on the Texas Attorney General. Alternatively, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the construed habeas petition on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE